UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00142-DJH

JANE DOE #1-9      PLAINTIFFS

v.

JEROME PERRY, ET AL.      DEFENDANTS

---

**DEFENDANT PERRY'S REPLY TO PLAINTIFFS' RESPONSE
TO PERRY'S MOTION FOR A MORE DEFINITE STATEMENT**

---

Comes the Defendant, Jerome Perry ("Perry"), individually and in his official capacity, by counsel, pursuant to *Fed.R.Civ.P.*12(e) and L.R.7.1, and states as follows for his Reply to Plaintiffs' Response to Defendant Perry's Motion for a More Definite Statement.

**INTRODUCTION**

Plaintiffs contend that assurances and information provided by email are synonymous with Plaintiffs actually identifying themselves in their Complaint. Plaintiffs argue that Plaintiffs should be able to sue Defendant Perry anonymously, accusing him of rape, and they should not have to divulge their identities. Plaintiffs argue that because Plaintiffs sue Defendant Perry for allegations of rape and sexual assault that said allegations are sensitive enough to warrant secret proceedings. Plaintiffs mislead the Court, however, as to the importance of the age and status of the Plaintiffs to the Court that rendered the decision upon which Plaintiffs rely for their argument.

Permitting one to sue another anonymously cannot be reconciled with not only the public's right to know who is using the public court and for what, but also with a defendant's right to know who is suing him. The undersigned is hard pressed to imagine a more slippery slope than to allow

individuals to simply sue whomever they want without ever divulging their identity. The very notion simply does not seem to comport with the fundamental notion of fairness and the openness of our judicial system.

Certainly, the allegations at issue are of a sensitive nature. <u>Allegations</u>. But voluntarily suing someone for money does not warrant enabling secret tribunals whenever delicate topics are alleged. Plaintiffs' argument that emailing the names of the purportedly involved individuals as sufficient here is as disingenuous as it is without merit, as it completely disregards the import of identifying plaintiffs in a Complaint; it trivializes and minimizes the importance of the very process by which Plaintiffs seek to redress their alleged wrongs.

Plaintiffs make light of the fact that Defendants cite in their Motion to an analogous case, but one out of the Southern District of New York. [DN 11], p.5. Plaintiffs do cite to a District Court case from Michigan for the proposition that even though none of the Plaintiffs herein are or were minors at the time of the alleged incidents, Plaintiffs still should be permitted to proceed anonymously. [DN 11], pp.2-3 (citing *K.S. v. Detroit Public Schls.*, No. 14-12214 WL 13358204 at *3 (E.D.Mich 2015).

However, in glossing over the point Defendant argued regarding the importance of the age of minority as heavily weighing in favor of requiring Plaintiffs to identify themselves here, Plaintiffs left out the following from the case they cite:

> It now appears that most of the alleged instances of abuse and harassment occurred a few months after the plaintiff turned eighteen years old, although he was still a student at the Frederick Douglass Academy. It also appears that the media attention that vexed the plaintiff and his family was provoked by the plaintiff's mother, who contacted the media to report the allegations of Pugh's misconduct.
>
> Nonetheless, the factors that justified the Court's prior order still favor anonymity at this stage of the lawsuit. Although much of the alleged activity occurred after the plaintiff attained majority, he still was a student subject to the supervision of the school and his instructors, including Pugh. The plaintiff may have become an adult legally, but

> that temporal fact did not transform him beyond the state of his adolescence. In fact, in Miller v. Alabama, ⸺ U.S. ⸺, 132 S. Ct. 2455 (2012), the Supreme Court "recognized the obvious fact that these features of adolescence do not instantly disappear upon the arrival of one's eighteenth birthday, which presumably prompted the Court to observe that 'youth is more than a chronological fact.' " United States v. Marshall, 736 F.3d 492, 502 (6th Cir. 2013) (Lawson, J., concurring) (quoting Miller, 132 S. Ct. at 2467 (internal quotation marks omitted)).

*K.S., supra*, at *2.

Clearly, the age and status of the student as a student was important in the *K.S.* Court's analysis. Plaintiffs do not share those characteristics with the *K.S.* plaintiff.

Plaintiffs' Response fails to negate the fact that "[g]enerally, a complaint must state the names of all parties." *Doe v. Harlan Cnty. Sch. Dist.*, 96 F.Supp.2d 667, 670 (E.D.Ky.2000) (citing *Fed.R.Civ.P.* 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Plaintiffs have brought this action not in their own names, but through the use of nine (9) pseudonyms. [DN 1]. Plaintiffs' failure to disclose their identities precludes Perry from being able to know who is suing Perry and for what, which disables Perry from being able to respond to the allegations in the Complaint. *Robinson v. Genesee County Sheriff's Department*, WL 1105060 at *1-2 (E.D.Mich) (March 24, 2017) (Unpublished) (courtesy copy previously attached to [DN 9] as **EXHIBIT "A"**). The applicable factors to the analysis at issue do not weigh in favor of permitting Plaintiffs to proceed anonymously. *Harlan Cnty.* at 670; *Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y.1996).

Plaintiffs argue that while they failed to identify themselves in the Complaint, Perry suffers no prejudice because Plaintiffs' counsel sent the undersigned an email containing what purports to be the names of the Plaintiffs. [DN 11], p.4. Plaintiffs' equating an email with language in a formal pleading, certified by counsel as true pursuant to Rule 11, is beyond a stretch and instead seems to

make a mockery of the Rules of Procedure that apply to the very system Plaintiffs seek to utilize. If this is permissible, one is left to wonder what else can we simply email in the future, without resorting to the "trouble" of the formal pleading requirements?

Plaintiffs chose to bring this civil suit for monetary damages, they are publicly accusing Defendant Perry of extremely serious accusations anonymously and the public has a right of access to the true identity of the Plaintiffs. *Shakur* at 361-362. Defendant Perry has a right to know who is suing him and he is entitled to have Plaintiffs that would accuse him of such things identify themselves so that Defendant can know who is accusing Defendant of what. *Id.* Despite Plaintiffs' counsel contention to the contrary, putting it in an email is not the same as putting it in a pleading. If it were, Plaintiffs would not be objecting to this Motion. Plaintiffs should be compelled to identify themselves so that Perry can respond to the Complaint and the interests of justice may be served. *Id.; Fed.R.Civ.P.*12(e).

Based upon the foregoing reasons Perry respectfully moves this Court for entry of the Order filed in conjunction with this Motion, thereby granting Perry's Motion for a More Definite Statement and requiring Plaintiffs to amend their Complaint to include their respective full legal names.

Respectfully submitted,

/s/ Carol S. Petitt_____
Carol S. Petitt
Kyle M. Vaughn
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
(502) 243-9797
cpetitt@vplegalgroup.com
kvaughn@vplegalgroup.com
COUNSEL FOR DEFENDANT PERRY

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 8th day of April, 2019, served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

| | |
|---|---|
| Alphonse A. Gerhardstein | Larry D. Simon |
| GERHARDSTEIN & BRANCH CO. LPA | LARRY SIMON LAW OFFICE |
| 441 Vine Street, Suite 3400 | 239 South Fifth Street, Suite 1700 |
| Cincinnati, Ohio 45202 | Louisville, Kentucky 40202 |
| agerhardstein@gbfirm.com | larrysimonlawoffice@gmail.com |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR PLAINTIFF |

R. Keith Bond
COLEMAN LOCHMILLER & BOND
P.O. Box 1177
Elizabethtown, Kentucky 42702
rkbond@clblega.com
COUNSEL FOR LARUE COUNTY DEFENDANTS

/s/ Carol S. Petitt_____
VAUGHN PETITT LEGAL GROUP, PLLC